16121. BALDWIN *v.* BOAZ, administratrix.

1. "Under the statute law of this State an administrator can not sell the personal property of his intestate (annual crops excepted) without first obtaining leave to sell from the ordinary, and the sale must be public after due advertisement. A sale without an order of the ordinary is void, and passes no title to the purchaser or his vendee." *Whitehurst v. Mason,* 140 *Ga.* 148 (1) (78 S. E. 938).

2. Notwithstanding this rule as to contracts of sale by administrators, when goods have been in fact delivered to and used by a vendee, while the administrator can not recover their contract price under and by virtue of the express contract of sale, he can recover their value as

upon a quantum valebat or implied contract to pay their market value at the time and place of such delivery and use. See Civil Code (1910), § 5513; *A. & B. Ry. Co.* v. *Roberts*, 123 *Ga.* 304 (51 S. E. 333); *Cary* v. *Simpson*, 15 *Ga. App.* 280 (7), 286 (82 S. E. 918); *So. Mfg. Co.* v. *Moss Mfg. Co.*, 13 *Ga. App.* 847 (2), 848 (81 S. E. 263).

3. The petition by the plaintiff administratrix is ambiguous, in that it contains allegations appropriate to an action upon an express contract for the agreed purchase-price of personalty sold to the defendant, and an action upon an open account, an itemized statement of which is attached to the petition. The jury found for the plaintiff the full amount sued for. The trial judge instructed the jury that no recovery could be had upon the express contract, since it was made without legal authority. There is no contention that the pleadings would not justify a recovery as upon a quantum valebat or implied contract to pay for such personalty as was in fact delivered and used. Treating the recovery as based upon that theory, there was evidence, though controverted, as to an actual delivery and use of the water-bottles included in the suit. But there was no evidence as to any actual possession and use of the truck or of the stationery. The values of these items are separable under the evidence. The recovery of $1,219.49 was thus authorized to the extent of the value of the bottles, amounting to $651.99, but was unauthorized to the extent of the values of the truck and stationery, amounting to $567.50.

4. While the petition contains an averment that the defendant "converted" the property to his "own use," it is followed by the words, "without paying to petitioner the value thereof," and the manifest purpose of the petition as a whole is to set forth a transaction ex contractu for the value of the personalty in question, and not ex delicto for any unlawful conversion. Consequently, the case of *Marietta Mining Co.* v. *Armstrong*, 25 *Ga. App.* 23 (102 S. E. 451), and similar cases relied upon by the plaintiff in error as to the right to waive a tort and sue upon a contract, are not in point.

5. If at the time the remittitur of this court is made the judgment of the lower court the plaintiff shall write off from the amount of her judgment the sum of $567.50, the recovery for the truck and stationery, the judgment refusing a new trial is affirmed, otherwise it is reversed.

DECIDED SEPTEMBER 30, 1925.

Complaint; from Catoosa superior court—Judge Tarver. November 13, 1924.

*J. A. McFarland, Maddox, Maddox & Mitchell,* for plaintiff in error.

*W. E. & Gordon Mann,* contra.

JENKINS, P. J.   The evidence fully authorized a finding that the bottles sued for went into the actual possession of the defendant, and were retained and used by him. But as to the truck and stationery items, there appears to have been no proof either of use or of actual delivery. The only evidence of delivery of the truck

is, that at the death of the plaintiff's intestate the car was in a garage at Calhoun, Ga., and that it remained there, and that in a conversation with the agent of the plaintiff administratrix, but before he had qualified as such, the defendant said, "When the weather is better, we'll check this matter up; you leave the truck where it is until I call for it," and that about three weeks or a month later the defendant repudiated this arrangement and refused to take the truck. On recall the agent testified that the defendant "bought the truck, . . and he told me to leave it where it was until later, and he would get it." The defendant denied any such agreement. There was no other proof as to a delivery, and no proof of any use or benefit to the defendant, or even of any detriment to the plaintiff, from merely allowing the truck to remain where it was when the intestate died.

We have considered the evidence with reference to the question as to whether the mere unauthorized constructive delivery such as is here contended to have been made would authorize the recovery for these items as on a quantum valebat or implied contract. Assuming that the evidence quoted above goes far enough to show an unauthorized constructive delivery as part of an intended complete transaction, and not, as some of the testimony tends to indicate, no delivery, or an incomplete delivery, under a mere *executory* arrangement to complete the transaction when "the weather is better," we are of the opinion that such an unauthorized constructive delivery will not sustain the recovery, where the car and the stationery merely remained as they were when the intestate died, and the disputed unauthorized and merely constructive delivery was actually repudiated even before the administratrix took charge of the estate, and where the defendant never received any actual possession or any use or benefit, and it does not appear that the plaintiff suffered any injury or detriment. While the recovery for the item of bottles was authorized, the judgment as a whole, including items for the truck and stationery, will be affirmed only upon condition that the plaintiff write off from her recovery the latter items.

*Judgment affirmed on condition. Stephens and Bell, JJ., concur.*